UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------- x
NIRJALA RAJKARNIKAR,            :
                                :
        Plaintiff,              :
                                :
                                :
v.                              :   Civil No. 3:22-cv-1149 (AWT)
                                :
DAVID AZIA and NED LAMONT,      :
                                :
        Defendants.             :
                                :
------------------------------- x
```

## RULING ON MOTIONS TO DISMISS

The pro se plaintiff, Nirjala Rajkarnikar, brings suit against David Azia and Connecticut Governor Ned Lamont. In the Complaint, the plaintiff appears to allege that defendant Azia raised her rent and wrongfully evicted her by using "deceptive business practice[s]" in violation of "§ 4107" and discriminated against her because of her sex, "including sexual harassment," in violation of "§ 53a-183." The plaintiff names Governor Lamont as a defendant because he "is responsible for looking after people of his state as to how officials, court [and] Business treat its people."

Each defendant moves to dismiss the Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and also pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be

-1-

granted. For the reasons set forth below, the motions to dismiss are being granted.

I.  **FACTUAL ALLEGATIONS**

The pro se plaintiff initiated this action on September 12, 2022. In Claim I, the plaintiff alleges that she was wrongfully evicted from her former residence at 32 Robin Road, West Hartford, Connecticut by defendant Azia. See Compl. (ECF No. 1) at 3. She alleges that she "paid rent and . . . [was] accused and set up as [though she] didn't." Id. The plaintiff also alleges that she was "set up to be evicted [which] is fraud, wrongdoing to [her]." Id. She further alleges that she was "harassed when [she did] not comply like dating [and] pa[id] excessive, etc." Id. The plaintiff states that "Gov[ernor] Ned Lamont is responsible for looking after people of his state as officials, [   ], [and] Business . . . ." Id.

In Claim II, the plaintiff alleges that she "was told [she had] not paid rent despite [that she had]." Id. She further alleges that she "stated the property was depreciated physically as well as why [she] believed [it to] be depreciated . . . yet [Azia] increased [her] expense by $250." Id. Defendant Lamont is not referred to in Claim II.

The record reflects that defendant Azia commenced an eviction proceeding against the plaintiff in Connecticut Superior Court for unpaid rent in May 2022 and on August 26,

2022, the court entered judgment in favor of defendant Azia and found that there was a rent arrearage of $6,200 at the time of trial. See Azia v. Rajkarnikar, Order 439589, Dkt. No. HFHCV226020654S (Conn. Super. Ct. 2022).

## II.  LEGAL STANDARD

"The function of a motion to dismiss is 'merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" Mytych v. May Dept. Store Co., 34 F. Supp. 2d 130, 131 (D.Conn. 1999) (quoting Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984)).  A claim is properly dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the claim. Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996).  On a Rule 12(b)(1) motion to dismiss, the party asserting subject matter jurisdiction "bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005).

When deciding a motion to dismiss under Rule 12(b)(1), the court must accept as true all material factual allegations in the complaint. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). However, the court is "not to draw inferences from the complaint

favorable to the plaintiffs." J.S. v. Attica Cent. Sch., 386 F.3d 107, 110 (2d Cir. 2004). Rather, "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998) (citing Norton v. Larney, 266 U.S. 511, 515 (1925)).

When interpreting the allegations in a pro se complaint, the court applies "less stringent standards than [those applied to] formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Branham v. Meachum, 77 F.3d 626, 628-29 (2d Cir. 1996). Furthermore, the court should interpret the plaintiff's complaint "to raise the strongest arguments [it] suggest[s]." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

### III. DISCUSSION

The Complaint contains numerous allegations of "deceptive or fraudulent business practices," including excessive rent increases and wrongful eviction by defendant Azia. The Complaint also contains allegations of discrimination, including intimidation and sexual harassment by defendant Azia. The Complaint asserts that defendant Lamont "is responsible for looking after people of his state as to how officials, court [and] Business treat its people." Compl. at 3. Defendant Lamont points out that there is no connection between him and the

landlord tenant dispute from which this action arises.

Defendant Lamont moves to dismiss the claim against him for lack of subject matter jurisdiction on four grounds:

> (1) Plaintiff lacks Article III standing to sue [him]; (2) Plaintiff's allegations with respect to Governor Lamont fail to invoke this Court's jurisdiction pursuant to 28 U.S.C. §§ 1331 or 1332; (3) the Eleventh Amendment bars suit against Governor Lamont; and (4) the Rooker-Feldman and/or Younger abstention doctrines apply to the circumstances of this case.

Def.'s Mem. L. Supp. Mot. Dismiss (ECF No. 18-1) at 8. In the alternative, he moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the plaintiff's claims for failure to state a claim upon which relief can be granted. Defendant Azia also moves pursuant to Fed R. Civ. P. 12(b)(1) to dismiss the plaintiff's claims for lack of subject matter jurisdiction and pursuant to Fed. R. Civ. P. (12)(b)(6) for failure to state a claim upon which relief can be granted.

"Where . . . the defendant moves for dismissal under Rule 12(b)(1), Fed. R. Civ. P., as well as on other grounds, the court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses become moot and do not need to be determined." Cellco Partnership v. City of Rochester, 473 F.Supp. 3d 268, 276 (2020)(alteration in original)(quoting Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 1990)) (internal quotation marks omitted).

Accordingly, the court considers the challenge to subject matter jurisdiction first.

"Federal courts are courts of limited jurisdiction. Congress has, pursuant to its authority under Article III of the Constitution, granted to district courts jurisdiction to hear cases in which there is a federal question and cases based on the diversity of citizenship of the parties." Perpetual Securities, Inc. v. Tang, 290 F.3d 132, 136 (internal quotation marks omitted) (quoting U.S. Const. art. III, § 1). "Individual parties cannot confer subject matter jurisdiction where the Constitution and Congress have not." Id. Federal question jurisdiction is granted pursuant to 28 U.S.C. § 1331 and diversity jurisdiction is granted pursuant to 28 U.S.C. § 1332. See id. The defendants argue that the plaintiff has failed to allege facts that invoke this court's jurisdiction with respect to both Section 1331 and Section 1332. The court agrees.

"Under 28 U.S.C. § 1331, federal courts have subject-matter jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States." Solomon v. St. Joseph Hospital, 62 F.4th 54, 63 (2d Cir. 2023). (internal quotation marks and citations omitted). The plaintiff contends that she has established jurisdiction based on allegations of "§ 4107 Deceptive or fraudulent business practices, fraudulent way to keep upswing practice" and "§ 53a-

183 – Harassment [and] including sexual harassment – sexual Discrimination of being a woman." Compl. at 2. The first law to which the plaintiff refers, "§ 4107" is not identifiable as a relevant federal statute, and she provides insufficient information for the court to ascertain whether there is a federal statute to which she is attempting to refer. The second law to which she refers is clearly a Connecticut statute. Even when the court construes the Complaint as raising the strongest arguments it suggests, it fails to show that this court jurisdiction pursuant to 28 U.S.C. § 1331.

"Under 28 U.S.C. § 1332, federal courts have jurisdiction to hear cases between diverse parties where the matter in controversy exceeds the sum or value of $75,000." Tagger v. Strauss Group Ltd., 951 F.3d 124, 126 (2020) (internal quotation marks and citations omitted). "Section 1332 requires complete diversity, meaning that all plaintiffs must be citizens of states diverse from those of all defendants." Id. (internal quotation marks and citations omitted). The Complaint does not identify the plaintiff as a citizen of any state or country, but on the docket she lists her address as being in Connecticut. She identifies each defendant as a citizen of the United States, but she does not specify a state. See Compl. at 1. The address she uses for each defendant is a Connecticut address. Thus, the plaintiff has not shown that there is diversity of citizenship.

Also, even if the plaintiff could establish diversity of citizenship, the court would not have jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy does not appear to exceed the sum or value of $75,000. The Complaint requests monetary relief in the amount of "$6,200 plus court costs and any amount jury or court decide for the harassment, intimidation and [   ] of fear to make me homeless despite I paid rent." Compl. at 4. None of the facts alleged suggest that the amount in controversy would exceed $75,000.

Therefore, the court finds that it lacks subject matter jurisdiction and must dismiss this case. Because the court lacks subject matter jurisdiction, it does not reach the defendants' other arguments.

## IV.  CONCLUSION

For the reasons set forth above, Defendant Governor Ned Lamont's Motion to Dismiss (ECF No. 18) and Defendant David Azia's Motion to Dismiss (ECF No. 26) are hereby GRANTED.

The Clerk shall close this case.

It is so ordered.

Dated this 8th day of August 2023, at Hartford, Connecticut.

/s/AWT
Alvin W. Thompson
United States District Judge